UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:09-61984-CIV-COHEN-SELTZER

JOHN MANCUSO , on behalf of himself
and all others similarly situated,

      Plaintiff,

vs.

FLORIDA METROPOLITAN UNIVERSITY, INC.,
EVEREST UNIVERSITY, and CORINTHIAN
COLLEGES, INC.

      Defendants.
_____/

**PLAINTIFF'S MOTION TO QUASH/FOR PROTECTIVE ORDER CONCERNING SUBPOENAS *DUCES TECUM* ISSUED ON MARCH 18, 2010**

Plaintiff, JOHN MANCUSO, by and through undersigned counsel, hereby files his Motion to Quash/For Protective Order Concerning Subpoenas *Duces Tecum* issued by Defendants on March 18, 2010, including the following:

    a.)    AT&T Wireless;

    b.)    MySpace, Inc.;

    c.)    Facebook, Inc.; and

    d.)    Bank of America.

**BACKGROUND**

Plaintiff has filed his claim for back overtime wages against Defendants. During Plaintiff's deposition, he was questioned about his cellular phone use, as well as, use of MySpace, Facebook, and online banking through Bank of America. Defendants have now issued subpoenas *duces tecum* seeking information which is not relevant, but rather seeks confidential and privileged

1

information which is not reasonably calculated to lead to the discovery of admissible evidence. The subpoenas referenced above are incorporated herein as Composite Exhibit "A".

    a.    **AT&T Wireless**

Defendants have issued a subpoena *duces tecum* to AT&T Wireless seeking, among other things, "documents identifying internet usage for [Plaintiff's] cellular phone number". Pursuant to Schedule "A" attached to the subpoena, Defendants have provided an extensive list of definitions for the documents to be provided. The Definitions require production of:

    ii.    "all letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages, and messages, including reports, notes, notations and memoranda of or relating to telephone conversation or conferences";

    iii.    "all memoranda, reports, ... notes, scripts, transcripts, ...";

    ix.    "drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;"

    xi.    "all information noted in any computer or in any magnetic or other electronic medium, which must be produced in that form.".

By these definitions, Defendants' subpoena's could reasonably be interpreted to require production of the substance of text messages sent or received, rather then simple time or billing records. The substance of any such messages has no bearing or relevance to Plaintiff's claim, and as such, any portion of Defendants' subpoena *duces tecum* requesting such information should be stricken.

Plaintiff requests that the definitions set forth above ( ii), (iii), (ix), and (xi), and item 2 of the "Documents Requested" be stricken from Defendants' subpoena *duces tecum*.

    b.    **MySpace, Inc.**

Defendants have issued a subpoena *duces tecum* to MySpace with a request for any and all other documents "related to" Plaintiff's account, photographs associated with the

2

account, and postings of other users on Plaintiff's account. Defendants have attached the same schedule of definitions as Schedule "A" to the MySpace subpoena. By the use of Defendants definitions, the subpoena *duces tecum* could reasonably be interrupted to require production of the substance of messages received or sent through MySpace. The substance of any communications Plaintiff makes telephonically, electronically, by other means, or that other users send to Plaintiff, has no bearing on the amount of time Plaintiff may or may not have spent on these types of accounts during working hours, particularly when Defendants' subpoenas *duces tecum* specifically requests dates and times of messages sent by Plaintiff.

Plaintiff requests that items 1, 4, 6, 7 and 9 under the "Documents Requested" be stricken, and that the definitions set forth in Schedule "A" to Subpoena (A) (ii), (iii), (v), (vii), (viii), (ix), and (xi) be stricken from the Definition section.

    **c.**    **Facebook, Inc.**

Defendants have also issued a subpoena *duces tecum* to Facebook requesting the same information for "any and all other documents" related to Plaintiff's account, photographs associated with the account, postings of other users on Plaintiff's account, and has also attached the same schedule of definitions as Schedule "A" to the subpoena. As stated before, the substance of any communications Plaintiff makes telephonically, electronically, or by other means, has no bearing on the amount of time Plaintiff may or may not have spent on these types of accounts during working hours.

Plaintiff requests that sections 1, 2, and 8 under the "Documents Requested" be stricken, and that the definitions set forth in Schedule "A" to Subpoena (A) (ii), (iii), (vii), (viii), (ix), and (xi) be stricken from the Definition section.

    **d.**    **Bank of America**

3

Again when viewing the "Documents Requested" in conjunction with the definitions set forth by Defendants, the documents requested go beyond simply seeking dates, times, and locations of transactions being conducted through Bank of America. Based upon the definitions, Plaintiff is also seeking Bank Statements, amounts contained in the bank accounts, and other information which has no bearing on the amount of time Plaintiff may have spent during work hours doing personal business. As such, Plaintiff is requesting that the definitions contained in Schedule "A" to Subpoena (A) (i), (ii), (iii), (vi), (vii), (ix), and (xi) be stricken from the definitions.

## MEMORANDUM OF LAW

A party has standing to challenge a subpoena duces tecum served on another when the party has a personal right or privilege with respect to the subject matter of the subpoena. Barrington v. Mortage IT, Inc., 2007 WL 4370647. The scope of discovery under a Rule 45 Subpoena is the same as a scope of discovery under Rule 26. Id. at 3. As such, the scope of a subpoena *duces tecum* is limited to discovery which is relevant to the parties claims or defenses, or appears reasonably calculated to lead to the discovery of admissible evidence. Id.

While the amount of time Plaintiff may have spent sending text messages, or utilizing MySpace and/or Facebook during work hours, may have a bearing on the amount of back overtime wages Plaintiff is seeking, the actual substance of these communications is completely irrelevant. The substance of the communications would in no way shed any light on the amount of time Plaintiff spent in these activities, and any such requests for this information in the subpoena *duces tecum* should be stricken. Plaintiff has no objection to the time and/or billing records requested by the subpoena duces tecum, but any over broad request for documents should be stricken.

Additionally, Plaintiff is requesting this Honorable Court enter an Order requiring Defendants to notify the recipients of the subpoenas *duces tecum* that they should not produce any

documents until further notice until this Honorable Court has ruled on the Motion to Quash. If Defendants have already received any of the documents pursuant to the subpoenas *duces tecum*, Plaintiff is requesting this Honorable Court enter an Order that Defendants not be allowed to inspect the documents until such time that the Court has ruled on the instant motion.

## CERTIFICATE OF CONFERRAL

I hereby certify that there was conferral between counsel in this case, and that the Plaintiff's counsel objects to the relief sought herein.

DATED this 23rd day of March, 2010.

> Respectfully submitted,
>
> CHARLES H. BECHERT, III, P.A
> JOSEPH M. MAUS, P.,A
> Counsel for Plaintiff
> 901 East Atlantic Blvd.
> Pompano Beach, Florida 33060
> Tel:   (954) 784-6310
> Fax:   (954) 784-6313
> Jmaus@jmmlawyers.com
>
> By:/s/Joseph M. Maus, Esq.
>      Joseph M. Maus, Esquire
>      Fla. Bar # 983373

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing documents was furnished by U.S. Regular Mail and/or CM/ECF system on this 23rd day of March, 2010 to:

Kevin P. Jacobs, Esq.
HERRON JACOBS ORTIZ, P.A.
*Attorneys for Defendants*
1401 Brickell Avenue, Suite 840
Miami, Florida 33131

JOSEPH M. MAUS, P.A

By:/s/Joseph M. Maus, Esq.
   Joseph M. Maus, Esquire
   Fla. Bar # 983373