# COMPOSITE

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT

## Southern District of Florida

| | |
|---|---|
| JOHN MANCUSO, on behalf of himself and all others similarly situation, | **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS IN A CIVIL ACTION** |
| Plaintiff, | Civil Action No. 09-CV-61984-COHN/SELTZER |
| v. | |
| FLORIDA METROPOLITAN UNIVERSITY, INC., EVEREST UNIVERSITY, AND CORINTHIAN COLLEGES, INC., | |
| Defendants. | |

**TO:**   AT&T Wireless
11760 U.S. Highway 1, Suite 600
North Palm Beach, Florida 33408
Attn: Subpoena Compliance

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents, electronically stored information, or objects at the place, date, and time specified below: The documents listed on the attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| **HERRON JACOBS ORTIZ**<br>1401 Brickell Avenue, Suite 840<br>Miami, Florida 33131 | **April 1, 2010 at 10:00 a.m.** |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Priscilla Jimenez, Esq.<br>Florida Bar No.: 44266<br>Attorney for Defendants Florida Metropolitan University, Inc., Everest University, and Corinthian Colleges, Inc. | March 18, 2010 |

ATTORNEY NAME AND ADDRESS

Priscilla Jimenez
**HERRON JACOBS ORTIZ**
1401 Brickell Avenue, Suite 840
Miami, Florida 33131

Telephone: (305) 779-8100
Fax: (305) 779-8104



EXHIBIT
A

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## <u>SCHEDULE A TO SUBPOENA</u>

The following definitions are applicable to and incorporated by reference into each request:

A.    The term "document" or "documents" mean the original and all copies of any written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

     i.    all contracts, agreements, letter agreements, representations, warranties, certificates, and opinions;

     ii.    all letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

     iii.    all memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

     iv.    all desk calendars, appointment books, pocket calendars, and diaries;

     v.    all minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

     vi.    all reports and summaries of interviews or negotiations;

     vii.    all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

     viii.    all motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, computerized information, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained;

     ix.    drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

     x.    any non-identical copy of any document; and

xi.    all information noted in any computer or in any magnetic or other electronic medium, which must be produced in that form.

B.    The term "related to" or "relating to" means constitutes, refers, reflects, concerns, pertains to, describes, evidences, supports, discusses, or in any way logically or factually connects with the matter described or referenced in the request.

C.    The term "you" or "your" means not only AT&T Wireless but also its attorneys, accountants, consultants, agents, employees, representatives, predecessors, and all other persons acting on or for or purporting to act on or for its behalf.

D.    All references to documents are those:

    i.    in your actual possession;

    ii.    in your care, custody, or possession, that are located elsewhere;

    iii.    in your care, custody, or control, although in the possession of your attorneys, accountants, agents or employees; and

    iv.    all other documents, wherever located, to which you have a right of possession.

## Rules of Construction

In construing each request:

A.    The singular shall include the plural, and the plural shall include the singular.

B.    A masculine, feminine or neuter pronoun shall include each of the other genders.

C.    The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

D.    When producing the documents, keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

E.    If any document or file of documents requested herein has been removed for any reason, identify, by name and address, the person who removed the document or file, the title of the document or file, and each subfile, if any, maintained within the file, and the present location of the document or file.

F.    If any document or file of documents requested herein has been lost or destroyed since its creation, identify the document or file by title, author, date and subject matter, and state

when, where, how, and by whom the document or file was lost or destroyed, and identify, by name and address, the person who last had custody of the missing document or file.

G.     Each document request shall be construed independently, and no document request shall be viewed as limiting the scope of any other document request.

H.     Each and every nonidentical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

## Claims of Privilege

If any requested documents are withheld from production based on a claim of privilege, work product, or any other reason, you shall state with respect to each such document:

i.     the nature or basis of the claim of privilege or other ground for nonproduction;

ii.    the names, addresses, and job title of all parties to the communication, if applicable (including all persons who have been copied on the communication);

iii.   the date, subject matter, and number of pages of the document or item; and

iv.    the current custodian and present location of the document or item.

## Electronically Stored Information

**All electronically stored information, including all word-processed documents, spreadsheets, emails, email attachments, instant messages, chat messages, voice-over-Internet protocol (VOIP), information on PDAs and Blackberries, reports, correspondence, memos, text files, PowerPoint presentations, digital photos, graphs, and any other data that are created or stored on a computer or computer network or other electronic storage media, including but not limited to magnetic disks (such as computer hard drives and floppy disks), optical disks (such as DVDs and CDs) and flash memory devices (such as "thumb" or "flash" drives), shall include both the content and the embedded data and metadata of any of the foregoing, and shall be produced in a forensically preserved form of the native format in which the information was stored.**

## Relevant Time Period

The relevant time period for the documents requested is July 2007 to the present.

## **Documents Requested**

1.      Billing records for cellular phone number (954) 826-1269 that identify, among other things:

a.  for each phone number dialed, the call recipient's phone number, and the date, time, and length of each call;

b.  for each phone call received, the caller's phone number, and the date, time, and length of each call;

c.  for each text message sent, the recipient's phone number, and the date and time of each message; and

d.  for each text message received, the sender's phone number, and the date and time of each message.

2.      Documents identifying internet usage for cellular phone number (954) 826-1269, including but not limited to the date, time and duration of each use.

# UNITED STATES DISTRICT COURT

## Northern District of California

JOHN MANCUSO, on behalf of himself and all others similarly situation,

     Plaintiff,

v.

FLORIDA METROPOLITAN UNIVERSITY, INC., EVEREST UNIVERSITY, AND CORINTHIAN COLLEGES, INC.,

     Defendants.

_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS IN A CIVIL ACTION**

Civil Action No. 09-CV-61984-COHN/SELTZER
(pending in the Southern District of Florida)

**TO:**   Facebook, Inc.
      1601 S. California Avenue
      Palo Alto, California 94304
      Attn: Legal Department

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents, electronically stored information, or objects at the place, date, and time specified below: The documents listed on the attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Torreano Shorthand Reporting, Inc.**<br>530 Lytton Avenue, 2nd Floor<br>Palo Alto, CA 94301 | **April 1, 2010 at 10:00 a.m.** |

**\*\*Alternatively, you can mail copies of the requested documents to Herron Jacobs Ortiz, 1401 Brickell Avenue, Suite 840, Miami, Florida 33131 by April 1, 2010.**

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| _Priscilla Jimenez, Esq._<br>Priscilla Jimenez, Esq.<br>Florida Bar No.: 44266<br>Attorney for Defendants Florida Metropolitan University, Inc., Everest University, and Corinthian Colleges, Inc. | March 18, 2010 |

ATTORNEY NAME AND ADDRESS
     Priscilla Jimenez
     **HERRON JACOBS ORTIZ**
     1401 Brickell Avenue, Suite 840     Telephone: (305) 779-8100
     Miami, Florida 33131     Fax: (305) 779-8104


EXHIBIT B

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## SCHEDULE A TO SUBPOENA

The following definitions are applicable to and incorporated by reference into each request:

A.     The term "document" or "documents" mean the original and all copies of any written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

    i.     all contracts, agreements, letter agreements, representations, warranties, certificates, and opinions;

    ii.    all letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

    iii.   all memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

    iv.   all desk calendars, appointment books, pocket calendars, and diaries;

    v.    all minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

    vi.   all reports and summaries of interviews or negotiations;

    vii.  all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

    viii.  all motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, computerized information, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained;

    ix.   drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

    x.    any non-identical copy of any document; and

xi.   all information noted in any computer or in any magnetic or other electronic medium, which must be produced in that form.

B.   The term "related to" or "relating to" means constitutes, refers, reflects, concerns, pertains to, describes, evidences, supports, discusses, or in any way logically or factually connects with the matter described or referenced in the request.

C.   The term "you" or "your" means not only Facebook, Inc. but also its attorneys, accountants, consultants, agents, employees, representatives, predecessors, and all other persons acting on or for or purporting to act on or for its behalf.

D.   All references to documents are those:

i.   in your actual possession;

ii.   in your care, custody, or possession, that are located elsewhere;

iii.   in your care, custody, or control, although in the possession of your attorneys, accountants, agents or employees; and

iv.   all other documents, wherever located, to which you have a right of possession.

## Rules of Construction

In construing each request:

A.   The singular shall include the plural, and the plural shall include the singular.

B.   A masculine, feminine or neuter pronoun shall include each of the other genders.

C.   The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

D.   When producing the documents, keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

E.   If any document or file of documents requested herein has been removed for any reason, identify, by name and address, the person who removed the document or file, the title of the document or file, and each subfile, if any, maintained within the file, and the present location of the document or file.

F.   If any document or file of documents requested herein has been lost or destroyed since its creation, identify the document or file by title, author, date and subject matter, and state

when, where, how, and by whom the document or file was lost or destroyed, and identify, by name and address, the person who last had custody of the missing document or file.

G.     Each document request shall be construed independently, and no document request shall be viewed as limiting the scope of any other document request.

H.     Each and every nonidentical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

## Claims of Privilege

If any requested documents are withheld from production based on a claim of privilege, work product, or any other reason, you shall state with respect to each such document:

i.     the nature or basis of the claim of privilege or other ground for nonproduction;

ii.    the names, addresses, and job title of all parties to the communication, if applicable (including all persons who have been copied on the communication);

iii.   the date, subject matter, and number of pages of the document or item; and

iv.    the current custodian and present location of the document or item.

## Electronically Stored Information

**All electronically stored information, including all word-processed documents, spreadsheets, emails, email attachments, instant messages, chat messages, voice-over-Internet protocol (VOIP), information on PDAs and Blackberries, reports, correspondence, memos, text files, PowerPoint presentations, digital photos, graphs, and any other data that are created or stored on a computer or computer network or other electronic storage media, including but not limited to magnetic disks (such as computer hard drives and floppy disks), optical disks (such as DVDs and CDs) and flash memory devices (such as "thumb" or "flash" drives), shall include both the content and the embedded data and metadata of any of the foregoing, and shall be produced in a forensically preserved form of the native format in which the information was stored.**

## Relevant Time Period

The relevant time period for the documents requested is July 2007 to the present.

## Documents Requested

**The items requested below are related to a Facebook account under the name of "John Mancuso." The full URL to the relevant Facebook profile is http://www.facebook.com/johndmancuso.**

1.    The complete user profile (i.e., neoprint), including but not limited to profile contact information, mini-feed, status update history, shares, notes, gifts, wall postings, messages, friend listing, and group listing.

2.    A compilation of all photographs uploaded by the user as well as all other photographs which have the requested user tagged in them (i.e., photoprint).

3.    Documents reflecting user contact information, including, but not limited to, name, birth date, contact email addresses, address, city, state, zip, phone, cell, work phone, screen name, and website.

4.    All IP logs for the user, including but not limited to the script, scriptget, userid, view time, and IP address for each IP log entry.

5.    Documents identifying the date and time each chat message was sent or received by the user, including the user ID of each recipient or sender.

6.    Documents identifying the date and time of each user login.

7.    Documents identifying the date and time each private message in the user's inbox, trash and sent mail folders was sent or received.

8.    Any and all other documents related to user ID "johndmancuso."

# UNITED STATES DISTRICT COURT

## Central District of California

JOHN MANCUSO, on behalf of himself and
all others similarly situation,

      Plaintiff,

v.

FLORIDA METROPOLITAN
UNIVERSITY, INC., EVEREST
UNIVERSITY, AND CORINTHIAN
COLLEGES, INC.,

      Defendants.

_____/

**SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION OR
OBJECTS IN A CIVIL ACTION**

Civil Action No. 09-CV-61984-
COHN/SELTZER
(pending in the Southern District of Florida)

**TO:**   MySpace, Inc.
       407 N. Maple Drive
       Beverly Hills, California 90210
       Attn: Legal Compliance

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents, electronically stored information, or objects at the place, date, and time specified below: The documents listed on the attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Gradillas Court Reporters**<br>345 N. Maple Drive, Suite 185<br>Beverly Hills, CA 90210 | **April 1, 2010 at 10:00 a.m.** |

**\*\*Alternatively, you can mail copies of the requested documents to Herron Jacobs Ortiz, 1401 Brickell Avenue, Suite 840, Miami, Florida 33131 by April 1, 2010.**

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| _signature_<br>Priscilla Jimenez, Esq.<br>Florida Bar No.: 169821<br>Attorney for Defendants Florida Metropolitan University, Inc., Everest University, and Corinthian Colleges, Inc. | March 18, 2010 |

ATTORNEY NAME AND ADDRESS
      Priscilla Jimenez
      **HERRON JACOBS ORTIZ**
      1401 Brickell Avenue, Suite 840
      Miami, Florida 33131

Telephone: (305) 779-8100
Fax: (305) 779-8104


**EXHIBIT**
C

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) Protecting a Person Subject to a Subpoena.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A) *When Required.*** On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## SCHEDULE A TO SUBPOENA

The following definitions are applicable to and incorporated by reference into each request:

A.    The term "document" or "documents" mean the original and all copies of any written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

      i.     all contracts, agreements, letter agreements, representations, warranties, certificates, and opinions;

      ii.     all letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

      iii.     all memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

      iv.     all desk calendars, appointment books, pocket calendars, and diaries;

      v.     all minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

      vi.     all reports and summaries of interviews or negotiations;

      vii.     all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

      viii.     all motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, computerized information, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained;

      ix.     drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

      x.     any non-identical copy of any document; and

           xi.    all information noted in any computer or in any magnetic or other electronic medium, which must be produced in that form.

B.    The term "related to" or "relating to" means constitutes, refers, reflects, concerns, pertains to, describes, evidences, supports, discusses, or in any way logically or factually connects with the matter described or referenced in the request.

C.    The term "you" or "your" means not only MySpace, Inc. but also its attorneys, accountants, consultants, agents, employees, representatives, predecessors, and all other persons acting on or for or purporting to act on or for its behalf.

D.    All references to documents are those:

        i.    in your actual possession;

        ii.    in your care, custody, or possession, that are located elsewhere;

        iii.    in your care, custody, or control, although in the possession of your attorneys, accountants, agents or employees; and

        iv.    all other documents, wherever located, to which you have a right of possession.

## Rules of Construction

In construing each request:

A.    The singular shall include the plural, and the plural shall include the singular.

B.    A masculine, feminine or neuter pronoun shall include each of the other genders.

C.    The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively.  The term "all" means "any and all."  The term "each" means "each and every," and the term "every" means "each and every."

D.    When producing the documents, keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

E.    If any document or file of documents requested herein has been removed for any reason, identify, by name and address, the person who removed the document or file, the title of the document or file, and each subfile, if any, maintained within the file, and the present location of the document or file.

F.    If any document or file of documents requested herein has been lost or destroyed since its creation, identify the document or file by title, author, date and subject matter, and state

when, where, how, and by whom the document or file was lost or destroyed, and identify, by name and address, the person who last had custody of the missing document or file.

G.      Each document request shall be construed independently, and no document request shall be viewed as limiting the scope of any other document request.

H.      Each and every nonidentical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

## Claims of Privilege

If any requested documents are withheld from production based on a claim of privilege, work product, or any other reason, you shall state with respect to each such document:

    i.      the nature or basis of the claim of privilege or other ground for nonproduction;

    ii.      the names, addresses, and job title of all parties to the communication, if applicable (including all persons who have been copied on the communication);

    iii.      the date, subject matter, and number of pages of the document or item; and

    iv.      the current custodian and present location of the document or item.

## Electronically Stored Information

**All electronically stored information, including all word-processed documents, spreadsheets, emails, email attachments, instant messages, chat messages, voice-over-Internet protocol (VOIP), information on PDAs and Blackberries, reports, correspondence, memos, text files, PowerPoint presentations, digital photos, graphs, and any other data that are created or stored on a computer or computer network or other electronic storage media, including but not limited to magnetic disks (such as computer hard drives and floppy disks), optical disks (such as DVDs and CDs) and flash memory devices (such as "thumb" or "flash" drives), shall include both the content and the embedded data and metadata of any of the foregoing, and shall be produced in a forensically preserved form of the native format in which the information was stored.**

## Relevant Time Period

The relevant time period for the documents requested is July 2007 to the present.

## Documents Requested

**The items requested below are related to a MySpace account under the name of "John Mancuso." The full URL to the relevant MySpace profile is http://www.myspace.com/429259048.**

1.  Documents identifying the date and time of each user login.

2.  All IP logs for user, including but not limited to the script, scriptget, userid, view time, and IP address for each IP log entry.

3.  Subscriber information, including but not limited to contact information, name, birth date, contact email address, address, city, state, zip, phone, cell, work phone, screen name, and website.

4.  The complete user profile, including but not limited to status update history, notes, wall postings, interests, user details, friend listing, and group listing.

5.  Documents identifying the date and time each private message in the user's inbox, trash and sent mail folders was sent or received.

6.  A compilation of all photographs associated with the user account.

7.  All wall posts made by the user on other user's profiles, including but not limited to the date and time of each post.

8.  Documents identifying the date and time of each instant message sent or received by the user, including but not limited to the Friend ID of each recipient or sender.

9.  Any and all other documents related to Friend ID 429259048.

# UNITED STATES DISTRICT COURT

## Southern District of Florida

| | |
|---|---|
| JOHN MANCUSO, on behalf of himself and all others similarly situation, | **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS IN A CIVIL ACTION** |
| Plaintiff, | |
| v. | Civil Action No. 09-CV-61984-COHN/SELTZER |
| FLORIDA METROPOLITAN UNIVERSITY, INC., EVEREST UNIVERSITY, AND CORINTHIAN COLLEGES, INC., | |
| Defendants. | |

**TO:**   Bank of America
701 Brickell Avenue
Miami, Florida 33131
Attn: Records Custodian

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents, electronically stored information, or objects at the place, date, and time specified below: The documents listed on the attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| **HERRON JACOBS ORTIZ** 1401 Brickell Avenue, Suite 840 Miami, Florida 33131 | **April 1, 2010 at 10:00 a.m.** |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Priscilla Jimenez, Esq. Florida Bar No.: 44266 Attorney for Defendants Florida Metropolitan University, Inc., Everest University, and Corinthian Colleges, Inc. | March 18, 2010 |

ATTORNEY NAME AND ADDRESS

Priscilla Jimenez
**HERRON JACOBS ORTIZ**
1401 Brickell Avenue, Suite 840
Miami, Florida 33131

Telephone: (305) 779-8100
Fax: (305) 779-8104



Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## SCHEDULE A TO SUBPOENA

The following definitions are applicable to and incorporated by reference into each request:

A.    The term "document" or "documents" mean the original and all copies of any written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

    i.     all contracts, agreements, letter agreements, representations, warranties, certificates, and opinions;

    ii.    all letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

    iii.    all memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

    iv.    all desk calendars, appointment books, pocket calendars, and diaries;

    v.    all minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

    vi.    all reports and summaries of interviews or negotiations;

    vii.    all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

    viii.    all motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilms, phonographs, tapes or other records, computerized information, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained;

    ix.    drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

    x.    any non-identical copy of any document; and

xi.   all information noted in any computer or in any magnetic or other electronic medium, which must be produced in that form.

B.     The term "related to" or "relating to" means constitutes, refers, reflects, concerns, pertains to, describes, evidences, supports, discusses, or in any way logically or factually connects with the matter described or referenced in the request.

C.     The term "you" or "your" means not only Bank of America but also its attorneys, accountants, consultants, agents, employees, representatives, predecessors, and all other persons acting on or for or purporting to act on or for its behalf.

D.     All references to documents are those:

i.   in your actual possession;

ii.   in your care, custody, or possession, that are located elsewhere;

iii.   in your care, custody, or control, although in the possession of your attorneys, accountants, agents or employees; and

iv.   all other documents, wherever located, to which you have a right of possession.

**Rules of Construction**

In construing each request:

A.     The singular shall include the plural, and the plural shall include the singular.

B.     A masculine, feminine or neuter pronoun shall include each of the other genders.

C.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

D.     When producing the documents, keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

E.     If any document or file of documents requested herein has been removed for any reason, identify, by name and address, the person who removed the document or file, the title of the document or file, and each subfile, if any, maintained within the file, and the present location of the document or file.

F.     If any document or file of documents requested herein has been lost or destroyed since its creation, identify the document or file by title, author, date and subject matter, and state

when, where, how, and by whom the document or file was lost or destroyed, and identify, by name and address, the person who last had custody of the missing document or file.

G.      Each document request shall be construed independently, and no document request shall be viewed as limiting the scope of any other document request.

H.      Each and every nonidentical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

### Claims of Privilege

If any requested documents are withheld from production based on a claim of privilege, work product, or any other reason, you shall state with respect to each such document:

i.      the nature or basis of the claim of privilege or other ground for nonproduction;

ii.     the names, addresses, and job title of all parties to the communication, if applicable (including all persons who have been copied on the communication);

iii.    the date, subject matter, and number of pages of the document or item; and

iv.     the current custodian and present location of the document or item.

### Electronically Stored Information

**All electronically stored information, including all word-processed documents, spreadsheets, emails, email attachments, instant messages, chat messages, voice-over-Internet protocol (VOIP), information on PDAs and Blackberries, reports, correspondence, memos, text files, PowerPoint presentations, digital photos, graphs, and any other data that are created or stored on a computer or computer network or other electronic storage media, including but not limited to magnetic disks (such as computer hard drives and floppy disks), optical disks (such as DVDs and CDs) and flash memory devices (such as "thumb" or "flash" drives), shall include both the content and the embedded data and metadata of any of the foregoing, and shall be produced in a forensically preserved form of the native format in which the information was stored.**

### Relevant Time Period

The relevant time period for the documents requested is July 2007 to the present.

## **Documents Requested**

All documents identifying the following for any prior or existing Bank of America or other account(s), whether individual or joint, in the name of John Mancuso (Social Security No. 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):

1.     the date and time of each deposit, withdrawal, and ATM card transaction;

2.     the location where each transaction identified pursuant to Request No. 1 occurred (whether online or at a physical location), including but not limited to the branch location and/or ATM location;

3.     the ATM card number associated with each ATM card transaction identified pursuant to Request No. 1; and

4.     the ATM card number assigned to each account holder.