UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61984-CIV-COHN/SELTZER

CONSENT CASE

JOHN MANCUSO, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

FLORIDA METROPOLITAN UNIVERSITY, INC.
EVEREST UNIVERSITY, and CORINTHIAN
COLLEGES, INC.

    Defendants.
_____/

## ORDER ON MOTION TO QUASH/FOR PROTECTIVE ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Quash/for Protective Order Concerning Subpoenas Duces Tecum (DE 45) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part as set forth below.

Plaintiff has filed this Fair Labor Standards Act ("FLSA") case for back overtime wages against Florida Metropolitan University, Inc., Everest University, and Corinthian Colleges, Inc. (collectively, "the School").  During Plaintiff's deposition, he was questioned about his cellular phone use, his Facebook and MySpace use, and his online banking through Bank of America.  Thereafter, the School issued subpoenas *duces tecum* to four non-parties: (1) AT&T Wireless (DE 45-1, Ex. A); (2); Facebook, Inc. (DE 45-1, Ex. B); (3) MySpace, Inc. (DE 45-1, Ex. C); and (4) Bank of America (DE 45-1, Ex. D).  Plaintiff now moves the Court to quash the subpoenas and/or enter a protective order limiting the scope

of the subpoenas.[1]  Plaintiff acknowledges that the time he may have spent sending text messages, using Facebook and MySpace, and conducting banking business during work hours may bear on the amount of back overtime wages he is seeking.  He, therefore, does not object to the subpoenas in toto.  Rather, Plaintiff requests that the Court strike certain definitions of the term "document" contained in Schedule A of the subpoenas and to strike certain document requests.

As a threshold matter, the Court must consider whether Plaintiff has standing to challenge the subpoenas at issue.  Generally, a party does not have standing to challenge a subpoena served on a non-party, unless that party has a personal right or privilege with respect to the subject matter of the materials subpoenaed.  Armor Screen Corp. v. Storm Catcher, Inc. No. 07-81091-Civ, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008) (Vitunac, M.J.) (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1079)); Stevenson v. Stanley Bostich, Inc., 201 F.R.D. 551, 555 n.3 (N.D. Ga. 2001) (collecting cases); Stewart v. Mitchell Transport, No. 01-2546-JWL, 2002 WL 1558210, *at 1 (D. Kan. July 8, 2002).  The School argues that Plaintiff merely contends that the subpoenas seek "confidential and privileged" information, without identifying the alleged privilege that is applicable to each request.  Numerous courts, however, have held that parties have a personal interest in their financial and telephone records sufficient to confer standing to challenge a subpoena directed to a third-party.  See, e.g., Keybank Nat'l Ass'n v. Perkins Rowe, L.L.C., No. 09-497 JJB-SR, 2011 WL 90108, at *3 (M.D. La. Jan. 11, 2011)

---

[1] It appearing that the non-parties were to produce the documents before the instant Motion was fully briefed and before the Court would have had an opportunity to rule, the Court entered an Order (DE 46) requiring that the recipient of the subpoenas not produce any documents until such time as the Court ruled on the instant Motion.

(financial records) Schmulovich v. 1161 Rt 9 LLC, No. 07-597 (FLW), 2007 WL 23652598, at *2 (D.N.J. Aug. 15, 2007) (financial records); Syposs v. United States, 181 F.R.D. 224, 228 (W.D.N.Y 1998) (cellular telephone records); Herff Jones, Inc. v. Oklahoma Graduate Servs., No. 2007 WL 2344705, at *3 n.4 (W.D. Okla Aug. 15, 2007) (telephone records); Arias-Zeballos v. Tan, No. 06 Civ. 1268 (GEL)(KN), 2007 WL 210112, at *1 (S.D.N.Y. 2007) (financial records).

And one district court recently held that an individual had standing to challenge a subpoena issued to social networking websites. Crispin v. Christian Audiger, Inc., 717 F. Supp. 2d 965 (C.D. Cal. 2010). The Court explained:

> [A]n individual has a personal right in information in his or her profile and inbox on a social networking site and his or her webmail inbox in the same way that an individual has a personal right in employment and banking records. As with bank and employment records, this personal right is sufficient to confer standing to move to quash a subpoena seeking such information.

Id. at 974; see also J.T. Shannon Lumber Co. v. Gilco Lumber, Inc., No. 2:07-cv-119, 2008 WL 3833216, at *1 (N.D. Miss. Aug. 14, 2008) (holding that party had standing to challenge subpoenas directed to internet service providers, such as Microsoft, Yahoo, and Google); Herff Jones, Inc., 2007 WL 2344705, at *3 n.4 (finding party had standing to move to quash subpoena directed to internet service provider). Accordingly, this Court finds that Plaintiff has standing to move to quash the subpoenas *duces tecum* at issue and, therefore, will now address the individual subpoenas.

### Subpoenas Issued to Facebook and MySpace

Even through Plaintiff may have standing to challenge the subpoenas *duces tecum* issued to Facebook, Inc. and MySpace, Inc., this Court does not have the authority to rule

3

on the instant Motion with respect to these two subpoenas. The subpoena directed to Facebook, Inc. was issued out of the Northern District of California with production of the documents to occur in Palo Alto, California. And the subpoena directed to MySpace, Inc. was issued out of the Central District of California with production of the documents to occur in Beverly Hills, California. Federal Rule of Civil Procedure 45 dictates that a motion for protective order or to quash a subpoena be brought (and decided) in the district out of which the subpoena issued. See Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the issuing court must quash or modify a subpoena . . . .") (emphasis added); see also In re Subpoena Duces Tecum, No. 3:10mc158 (SRU), 2010 WL 5067654, at *1 (D. Conn. Dec. 3, 2010) (holding that motion to quash subpoena must be filed in the court under whose authority the subpoena was issued) (citing 9A Charles A. Wright and Arthur R. Miller, Fed. Prac. & Proc. § 2463.1 (3rd ed. 2008 & Supp. 2010) ("The 1991 Amendments to Rule 45(c) now make it clear that motions to quash, modify or condition the subpoena are to be made in the district court from which the subpoena issued); Global HTM Promotional Group, Inc. v. Angel Music Group LLC, No. 6-20441-Civ, 2007 WL 221423, at *3 (S.D. Fla. Jan. 26, 2007) (Brown, M.J.); Hager v. CSX Transp., No. 3:05 cv 089 RM, 2005 WL 5117469, at *2 (N.D. Ind. Dec. 6, 2005) (same); Baxter Travenol Lab. v. LeMay, 89 F.R.D. 410, 418 (S.D. Ohio 1981) ("[I]t would be improper for this Court to attempt to enforce a subpoena issued by a different court against a person who is not a party to the action pending herein."). Accordingly, the Court must deny Plaintiff's Motion with respect to the subpoenas issued to FaceBook, Inc. and to MySpace, Inc.[2]

---

[2] The subpoenas directed to AT&T Wireless and Bank of America were both issued out of this District. Hence, this Court has jurisdiction to rule on the instant Motion with

Subpoena Issued to AT&T Wireless

Schedule "A" attached to the subpoena contains a list of definitions for the word "document," including:

> ii. all letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conferences;
>
> iii. all memoranda, reports . . . notes, scripts, and transcripts;
>
> ix. drafts of any document, revisions of drafts of any documents original or preliminary notes prepared in connection with such documents, whether used or not; and
>
> xi. "all information noted in any computer or in any magnetic or other electronic medium, which must be produced in that form";

And Item 2 of the "Documents Requested" section of the subpoena, seeks "[d]ocuments identifying internet usage" for Plaintiff's cellular telephone, "including but not limited to, the date, time and duration of each use."

Plaintiff moves the Court to strike these four definitions and Item 2. He argues that these definitions and Item 2 can reasonably be interpreted to require production of the substance of text messages sent or received, rather than simple time or billing records, and that the substance of any such messages are not relevant to the claims or defenses herein.[3]  The Court agrees that the substance of Plaintiff's text messages (or telephone

---

respect to these subpoenas.

   [3] The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26.  Barrington v. Mortgage, IT, Inc., No.07-61304-Civ, 2007 WL

calls) is not relevant to the overtime claims (or defenses thereto) asserted herein. Accordingly, the Court will strike definitions ii, iii, ix, and xi.  The Court, however, will not strike Item 2; rather, the Court will modify Item 2 to read: "documents identifying the date, time, and duration of each internet usage" for Plaintiff's cellular telephone number.  The School shall inform AT&T wireless that it is not to produce the substance of any text messages.[4]

Subpoena Issued to Bank of America

In addition to definitions ii, iii, ix, and xi set forth above, Schedule A of the subpoena *duces tecum* issued to the Bank of America defines the word "document" as follows:

   i.   all contracts, agreements, letter agreements, representations, warranties, certificates, and opinions:

   vi.  all reports and summaries of interviews or negotiations; and

   vii. all books, articles, press releases, magazines, newspaper, booklets, brochures, pamphlets, circulars bulletins, notices, instructions and manuals.

Plaintiff argues that "[b]ased on the definitions, [the School] is also seeking Bank Statements, amounts contained in the bank accounts, and other information that has no bearing on the amount of time Plaintiff may have spent during work hours doing personal

---

4370647, at *3 (S.D. Fla. Dec. 10, 2007) (Seltzer, M.J.).  Therefore, documents sought under a subpoena must be "relevant to any party's claim or defense" or must "be reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

   [4] The School represents that AT&T does not retain the substance of text messages. However, in an abundance of caution, if the substance of any documents sought by Item 2 is produced pursuant to the subpoena, such documents are to be kept confidential and only the School's attorneys shall view the substance of such documents.

business."[5]  Motion at 4 (DE 45).  He moves that definitions i, ii, iii, vi, vii, ix, and xi be stricken from the definitions.

The School does not address these specifc definitions.  Instead, it responds that it is not interested in Plaintiff's bank statements or other information showing the amounts contained in his accounts.  The School, however, contends that it is entitled to documents showing the dates and times Plaintiff conducted ATM and other bank transactions.  According to the School, Bank of America has informed the School's counsel that it would take a month to redact such documents to reflect only this information and that the cost would be "exorbitant."  The School, therefore, offers that to the extent any such information is revealed in the documents produced pursuant to the subpoena, it will redact such information prior to introducing the documents into evidence and provide Plaintiff with unredacted copies.  The School additionally represents that only the School's attorneys will see the unredacted records.

Plaintiff questions that it would take Bank of America a month to redact Plaintiff's bank statements or that it would be costly to do so.  Plaintiff contends that the bank would simply have to white-out or coverup the amounts and names of entities with whom Plaintiff engaged in transactions.  He proposes that if the Court requires unredacted bank records to be produced, it should require the documents to be produced to his counsel, who can redact the private information and then produce the records reflecting only the dates and times of transactions to Defendants.  The Court will accept Plaintiff's offer and require

---

[5] The documents sought by the Bank of America subpoena are those identifying the date and time of each deposit, withdrawal, and ATM card transactions, the location where each transaction occurred (whether a physical location or online), and ATM card numbers.

7

Bank of America to produce the responsive documents directly to Plaintiff's counsel to be redacted and then produced to the School's counsel.

As the School has not specifically addressed the definitions of the word "document" to which Plaintiff has objected, the Court will strike from Schedule A definitions i, ii, iii, vi, vii, ix, and xi.

## ORDER

Based on the foregoing, it is hereby ORDERED as follows.

1. Plaintiff's Motion to Quash/for Protective Order with respect to the subpoenas duces tecum issued to Facebook, Inc. and MySpace, Inc. is DENIED.

2. Plaintiff's Motion to Quash/for Protective Order with respect to the subpoena duces tecum issued to AT&T Wireless is GRANTED in part and DENIED in part. The definitions ii, iii, ix, and xi are stricken from the subpoena. Item 2 is modified to read: "documents identifying the date, time, and duration of each internet usage" for Plaintiff's cellular telephone number (number omitted from this Order). The School's counsel shall inform AT&T that it shall not produce the substance of any text messages.

3. Plaintiff's Motion to Quash/for Protective Order with respect to the subpoena duces tecum issued to Bank of America is GRANTED in part and DENIED in part. The definitions i, ii, iii, vi, vii, ix, and xi are stricken from the subpoena. The School's counsel shall promptly contact Bank of America to arrange for a date certain for complying with the subpoena *duces tecum*. The School's counsel shall inform the Bank that it is required to produce the documents directly to Plaintiff's counsel (and not to the School). Upon receipt of the documents from the Bank, Plaintiff's counsel shall promptly redact the documents (as Plaintiff proposes in the instant motion) and produce them to the School's counsel

within 14 days of the receipt of the documents.

  4. The School's counsel shall forthwith serve on AT&T Wireless, Facebook, Inc., MySpace, Inc., and Bank of America a copy of this Order.

  DONE AND ORDERED in Fort Lauderdale, Florida, this 28th day of January 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record