UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61984-CIV-COHN/SELTZER

CONSENT CASE

JOHN MANCUSO, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

FLORIDA METROPOLITAN UNIVERSITY, INC.
EVEREST UNIVERSITY, and CORINTHIAN
COLLEGES, INC.

    Defendants.
_____/

ORDER ON MOTION TO COMPEL

THIS CAUSE is before the Court on Plaintiff's Amended Motion to Compel Better Responses to Plaintiff's Fourth Request for Production (DE 133) and the School's Opposition thereto (DE 149). Despite having requested and obtained an extension of time to file a reply memorandum, Plaintiff has failed to do so. The Court having carefully reviewed the parties' filings and being sufficiently advised, it is hereby ORDERED that Plaintiff's Motion is DENIED.

Plaintiff served the School with a Fourth Request for Production; the School responded thereto and subsequently provided a supplemental response. Plaintiff now moves the Court to compel the School to provide documents responsive to Requests Nos. 1-9. Request No. 1 seeks a copy of the "Ignite Training Guide"[1] referred to by Leslie

---

[1] The School represents that it does not maintain an "Ignite Training Guide"; it believes Plaintiff is referring to its "Student Ignition System." According to the School, the "Ignition" documents consist of confidential, proprietary training materials; the documents

Greer in her June 18, 2010 deposition.  Requests Nos. 2-9 seek documents relating to the compensation plans of and/or monetary compensation, incentives or bonuses paid to the School's Directors of Admissions and to the former President of Everett University.  The School objected to these Requests on several grounds, including relevancy.

Federal Rule of Civil Procedure 26 permits parties to obtain discovery of any non-privileged matter that is "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  And upon a showing of good cause, a court may order a party to discover "any matter relevant to the subject matter involved in the action."  Id.  The information sought in discovery need not be admissible as long as it "appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  "The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials."  Hartco Eng'g, Inc. v. Wang's Int'l, Inc., No. 02-1500, 2006 WL 1663812, at *1 (E.D. La. June 12, 2006) (citing Hebert v. Lando, 441 U.S. 153, 176 (1979)).  The broad scope of discovery, however, is not without limits.  As one court in this District has noted: "[W]hile the standard of relevancy in discovery is liberal, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."  Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 686 (S.D. Fla. 2010) (Johnson, M.J.) (internal quotations and citations omitted).

Plaintiff brings this (conditional) collective action under the Fair Labor Standards

---

"train[] admission representatives on how to speak to prospective students and guide them through the enrollment process as well as how to present materials to prospective students to maximize the student experience."  Opposition Memorandum at 4 (DE 149); Calhoun Dec. ¶ 4 (DE 149-1).

Act ("FLSA"); he contends that the School failed to pay overtime wages to its admissions representatives for work in excess of 40 hours per week.  Plaintiff's theory of the case, as reflected by his deposition testimony, centers around the following allegations: (1) admissions representatives were pressured by their supervisors to "do whatever it takes to make your numbers"; (2) their supervisors advised them to record no more than 40 hours per week on their time sheets; (3) the supervisors informed them they would not be paid for overtime hours; (4) their time cards do not accurately reflect the hours actually worked: and (5) at least one supervisor would give "Fran Cards" in lieu of payment for overtime.

Neither the School's training guide nor documents pertaining to payments to the School's supervisory personnel appear on their face relevant to Plaintiff's overtime claims, and Plaintiff has not proffered any explanation as to relevancy or his need for the documents sought.  Accordingly, Plaintiff's Amended Motion to Compel Better Responses to Plaintiff's Fourth Request for Production (DE 133) is DENIED.

DONE AND ORDERED in Fort Lauderdale, Florida, this 4th day of April 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record